UNITED STATES DISTRICT COURT
for the
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **ROBERT FRESE**<br><br>    **Plaintiff**<br><br>    v.<br><br>**GORDON MACDONALD, in his official capacity only as Attorney General of the State of New Hampshire,**<br><br>    **Defendant** | Case No.: 1:18-cv-01180-JL |

## JOINT PROPOSED DISCOVERY PLAN
## (Fed. R. Civ. P. 26(f))

**DATE/PLACE OF CONFERENCE**: Beginning on April 7, 2020, counsel for the parties conferred via exchange of drafts of the instant Joint Proposed Discovery Plan, and present it for discussion at the Telephonic Pretrial Conference now scheduled for April 22, 2020.

**COUNSEL PRESENT/REPRESENTING**:

**Plaintiffs:**

Gilles R. Bissonnette
Henry R. Klementowicz
American Civil Liberties Union of NH
18 Low Avenue
Concord, NH 03301
Tel: (603) 224-5591

Brian Hauss
Emerson Sykes
American Civil Liberties Union
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500

**Defendant:**

Lawrence M. Edelman
New Hampshire Dept. of Justice
33 Capitol Street
Concord, NH 03301
Tel.: (603) 271-3650

**THEORY OF LIABILITY**:

Plaintiff Robert Frese brings a claim for declaratory and injunctive relief against Gordon J. MacDonald, in his Official Capacity Only as Attorney General of the State of New Hampshire. Mr. Frese seeks a ruling (i) declaring that New Hampshire's criminal defamation statute, RSA 644:11, violates the First Amendment and Due Process Clause and (ii) permanently enjoining Attorney General MacDonald from enforcing the statute.

**THEORIES OF DEFENSE**:

The Defendant asserts, among other things, (a) that the Plaintiff does not have standing to challenge New Hampshire's criminal defamation statute, RSA 644:11, and (b) that the statute is constitutional.

**DAMAGES:**

In addition to declaratory and injunctive relief, the Plaintiff seeks reasonable attorneys' fees and costs under 42 U.S.C. § 1988.

**DEMAND:** N/A

**OFFER:** N/A

**JURISDICTIONAL QUESTIONS:** The Defendant states that this Court is without subject matter jurisdiction, as the Plaintiff, whose Complaint does not assert an injury that is "concrete, particularized, and actual or imminent," does not have standing to challenge the criminal defamation statute. Plaintiff states that standing is apparent, as indicated in this Court's Order

denying the State's Motion to Dismiss.  *See* Docket No. 19, at pp. 9-18.

**QUESTIONS OF LAW:**  Whether (a) the Plaintiff has standing to bring this claim and (b) New Hampshire's criminal defamation statute, RSA 644:11, violates the First Amendment and Due Process Clause.

**TYPE OF TRIAL:**  Bench trial if necessary, but the parties believe that this case can be resolved on cross motions for summary judgment.

## SCHEDULE

**TRACK ASSIGNMENT**:  Standard – 12 months.

**TRIAL DATE:**   The parties propose the two week trial period commencing June 8, 2021.

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:**  If Defendant claims that unnamed parties are at fault on a state law claim (see <u>DeBenedetto v. CLD Consulting Engineers, Inc.</u>, 153 N.H. 793 (2006)), Defendant shall disclose the identity of every such party and the basis of the allegation of fault no later than 30 days before the Joinder of Additional Parties deadline and 15 days before the Plaintiff's expert disclosure deadline.  Plaintiff shall then have 30 days from the date of disclosure to amend the Complaint.

**AMENDMENT OF PLEADINGS:**

    Plaintiff:  July 15, 2020    Defendant:  September 15, 2020

**JOINDER OF ADDITIONAL PARTIES:**

    Plaintiff:  August 15, 2020    Defendant:  October 1, 2020

**THIRD PARTY ACTIONS:**  October 1, 2020

**MOTIONS TO DISMISS:**  August 1, 2020

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS**:

    **Plaintiff:**   July 10, 2020, if necessary

       **Defendant:** September 11, 2020, if necessary

       Supplementations by Plaintiff under Rule 26(e) due October 9, 2020

       Supplementation by Defendants under Rule 26(e) by November 6, 2020.

**COMPLETION OF DISCOVERY**: January 15, 2021

**MOTIONS FOR SUMMARY JUDGMENT:** February 1, 2021

**CHALLENGES TO EXPERT TESTIMONY:** March 15, 2021

## DISCOVERY

**DISCOVERY NEEDED**:

       The parties will exchange information relevant to claims and defenses of the parties.

**MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1))**:

       The parties will provide disclosures pursuant to Fed.R.Civ.P. 26(a)(1) by June 1, 2020.

**ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 26(f)**:

       The parties agree to preserve all evidence which is likely to lead to the discovery of admissible evidence in this matter. The parties further agree that to the extent emails or documents have been deleted due to the good faith use of a document retention policy, including regular email deletion practices, they will not seek sanctions based upon those deletions which predate the filing of this lawsuit.

       Subject to the right to assert any applicable objections and exemptions, including but not limited to confidentiality and privacy issues, the parties will respond to any requests for documents maintained in electronic format to the extent included in discovery requests. Any e-discovery search requests will be limited to no more than five (5) key words to be used to search ESI unless otherwise agreed upon by the Parties based upon a specific need. Any electronic documents will be produced in a format agreed upon by the parties based upon specific needs and costs.

Each party reserves the right to object that any request is unduly burdensome or not proportional to the issues involved.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R Civ. P. 26(f))**:

The parties reserve the right to assert any privileges to inadvertently disclosed privileged documents, and agree that such inadvertent disclosure shall not operate as a waiver of any privilege, and that each party shall have the right to request and obtain return of such documents as set forth in Fed. R. Civ. P. 26(b)(5)(B). If any party wishes to contest such a claim of privilege, any such material may be filed with the court only with a request that it be sealed.

**INTERROGATORIES**: A maximum of twenty-five (25) interrogatories by each party to any other party. Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**REQUESTS FOR ADMISSIONS**: A maximum of twenty-five (25) requests for admission by each party to any other party. Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**DEPOSITIONS**: A maximum of ten (10) depositions per side unless otherwise agreed to or ordered by a court. Each deposition limited to a maximum of seven (7) hours unless extended by agreement of the parties.

**OTHER ITEMS**

**SETTLEMENT POSSIBILITIES**: The parties believe that settlement is unlikely.

**JOINT STATEMENT RE: MEDIATION**: The parties believe that mediation is not likely to resolve this case.

**TRIAL ESTIMATE**: 2-3 days, if necessary. The parties believe, however, that this case can be resolved on cross motions for summary judgment.

**WITNESSES AND EXHIBITS:** Witness and exhibit lists, included in final pretrial statements, are due ten (10) days before final pretrial conference but not less than 30 days before trial. Objections are due fourteen (14) days after service of final pretrial statements.

**PRELIMINARY PRETRIAL CONFERENCE:** The parties do not require a preliminary pretrial conference with the Court before entry of the scheduling order in accordance with this Discovery Plan. By Notice of Telephonic Pretrial Conference dated March 30, 2020, the Court stated that "[t]he preliminary pretrial conference will not be canceled…."

**OTHER MATTERS:** None.

    Respectfully submitted,

    **ROBERT FRESE**

    By and through his attorneys affiliated with the American Civil Liberties Union of New Hampshire Foundation,

    */s/ Gilles R. Bissonnette*
    Gilles R. Bissonnette (N.H. Bar. No. 265393)
    Henry R. Klementowicz (N.H. Bar No. 21177)
    AMERICAN CIVIL LIBERTIES UNION OF NEW HAMPSHIRE
    New Hampshire Immigrants' Rights Project
    18 Low Avenue
    Concord, NH 03301
    Tel.: 603.224.5591
    gilles@aclu-nh.org
    henry@aclu-nh.org

    Brian Hauss*
    Emerson Sykes*
    AMERICAN CIVIL LIBERTIES UNION FOUNDATION
    ACLU Speech, Privacy, and Technology Project
    125 Broad Street, 18th Floor
    New York, NY 10004
    Tel.: 212.549.2500
    bhauss@aclu.org
    esykes@aclu.org

John M. Greabe (N.H. Bar No. 18706)
296 Gage Hill Road
Hopkinton, NH 03229
Tel.: 603.513.5191
 jgreabe@yahoo.com

Lawrence A. Vogelman, Esq. (N.H. Bar No. 10280)
NIXON, VOGELMAN, SLAWSKY & SIMONEAU, P.A.
77 Central Street
Manchester, NH 03101
Tel.: 603.669.7070
lvogelman@davenixonlaw.com


**GORDON J. MACDONALD, in his official capacity only as Attorney General of the State of New Hampshire**

By his attorney,

OFFICE OF THE ATTORNEY GENERAL


*/s/ Lawrence M. Edelman*
Lawrence M. Edelman (N.H. Bar No. 738)
Assistant Attorney General
Civil Bureau
NEW HAMPSHIRE DEPT. OF JUSTICE
33 Capitol Street
Concord, NH 03301
Tel.: (603) 271-3650
lawrence.edelman@doj.nh.gov

Dated: April 13, 2020

7