## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

_____

ROBERT FRESE,                        )
                                     )
              Plaintiff              )
                                     )
       v.                            )          Civil No. 1:18-cv-1180-JL
                                     )
GORDON J. MacDONALD,                 )
in his official capacity only as     )
Attorney General of the State        )
of New Hampshire,                    )
                                     )
              Defendant              )
_____)

### MOTION FOR RECONSIDERATION OF "ORDER [DATED MAY 8, 2020] RE [33] MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM"

Defendant Gordon J. MacDonald, in his official capacity only as Attorney General of the State of New Hampshire, by his counsel, the Office of the Attorney General, presents the following Motion for Reconsideration of this Court's "Order [dated May 8, 2020] Re [33] Motion to Dismiss for Failure to State a Claim":

1.     By Order dated February 14, 2020 ("the February 14 Order"), the Court (Laplante, J.) denied the Defendant's Motion for Reconsideration [Doc. # 21] of the Order [Doc. # 19] denying a Motion to Dismiss [Doc. # 11] pursuant to Fed. R. Civ. P. 12(b)(1) [Article III standing] and 12(b)(6) [failure to state a claim].

2.     The February 14 Order criticized the Defendant's counsel, whose argument, as framed by the Court,

> contend[ed] that in assessing Frese's facial challenge, the court should have utilized the framework applied by the D.C. Circuit Court of Appeals in United States v. Bronstein and recently articulated by Judge McCafferty in Saucedo v. Gardner,

1

under which the court must disregard identified instances of a statute's
misapplication.

February 14 Order at 8-9.  According to the Court, the Defendant's Motion for Reconsideration
[Doc. # 21] treated "'[l]itigation [as] a game of hopscotch,' … advanc[ing] a new argument that
could (and should) have been presented prior to the district court's initial ruling.'"  *Id*. at 9, *quoting
Cochran v. Quest Software, Inc.*, 328 F.3d 1, 11 (1st Cir. 2003).  Thus, the Court ruled, in relevant
part, as follows:

> These arguments might have been persuasive if raised prior to the court's decision,
> but they provide no proper basis for granting reconsideration now.  *** The court
> takes no position on these arguments' merits at this time and may revisit them if
> raised properly at a later procedural posture.  But for purposes of the motion to
> dismiss, the court considers these arguments waived.

February 14 Order at 9, 11.  As there was no further process available in the District Court to
challenge the Court's treatment of the foregoing argument, with which counsel for the Defendant
disagreed, he undertook to prepare and file the Defendant's Answer [Doc. # 27] and to work with
the Plaintiff's counsel on the formulation of a Proposed Discovery Plan [Doc. # 30].

3.      At the same time, the Plaintiff sought [Doc. # 29] and, by Order dated April 13,
2020, obtained leave of the Court to file an *Amended* Complaint [Doc. # 31], which broadened the
scope of the Plaintiff's claims to include facial and *as-applied* void-for-vagueness challenges to
RSA 644:11 [Criminal Defamation] under the Fourteenth Amendment.

4.      "The Plaintiff's filing of an amended complaint gives the Defendant[ ] a new
opportunity to respond to the amended complaint, to assert new affirmative defenses,
counterclaims, to attack the sufficiency of the pleading, or … to seek to strike portions of the
pleading."  *Sidari v. Orleans County*, 174 F.R.D. 275, 283 (W.D. N.Y. 1996) (emphasis supplied).
This is because "the new complaint supersedes all previous complaints[,] … wipes away prior
pleadings [and] opens the door for [the] defendant[ ] to raise new and previously unmentioned

2

affirmative defenses." *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999) (citation omitted); *see also*, *In re Parmalat Securities Litigation*, 421 F. Supp.2d 703, 713 (S.D. N.Y. 2006) ("An amended complaint … supersedes the original and entitled a defendant to raise substantive arguments aimed at 'judicial resolution of the controversy' in a new responsive pleading, even if those arguments were not raised in response to the original complaint."); *Blumberg v. Barnett*, Case No. 15 CV 7873, 2018 WL 10676934, at *3 (N.D. Ill. Mar. 13, 2018) ["[I]t was irrelevant that the defendants had not asserted the qualified immunity defense in any of their prior pleadings (including in their answer to the original complaint), because they raised it at the first opportunity after the *amended* complaint was filed."] (emphasis in original); *The Legal Aid Society v. City of New York*, 114 F. Supp.2d 204, 222 (S.D. N.Y. 2000); *Harris v. Secretary*, 126 F.3d 339, ___ (D.C. Cir. 1997) ("A Rule 15 amendment … will cure any problem of timeliness associated with forfeiture [for failure to previously plead]"); *International Controls Corp. v. Vesco*, 556 F.2d 665, 668-69 (2d Cir. 1977) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.").

5.      Thus, on May 6, 2020, the Defendant filed a Motion to Dismiss [Doc. # 33] the Amended Complaint [Doc. # 31], *again* reciting the Fed. R. Civ. P. 12(b)(1) Article III standing argument, *again* reciting the Fed. R. Civ. P. 12(b)(6) *Saucedo-* and *Bronstein-*based facial analysis under the First Amendment (which this Court, by its February 14 Order, deemed *provisionally* forfeited), and now *adding* a *Draper-* and *Zhen Shou Wu-*based as-applied and facial analysis under the Fourteenth Amendment. *See* Motion to Dismiss [Doc. # 33], *passim.*

6.      Then, in the course of its May 8, 2020 Order granting the Plaintiff's Motion to Extend Time to Object/Respond [Doc. # 34], which extended the deadline "indefinitely to a date

to be determined," the Court stated that "[it] may not require an objection."  On that same day, the Court issued a further order (the "Second May 8 Order") as follows:

> The plaintiff's objection to the motion to dismiss (Doc. <u>33</u>) need not address any of the arguments now twice raised in the original motion to dismiss and motion to reconsider, **which the court has assessed in its prior orders**.  Plaintiff's counsel is directed, however, to specifically respond to the defendant's argument that First Circuit precedent precludes Mr. Frese from maintaining facial or as-applied void-for-vaguenesss claims under the Fourteenth Amendment.  The objection is due on or before June 19, 2020.

Second May 8 Order (emphasis supplied).

7.     If the import of the Second May 8 Order is *only* that all of the issues set forth in the Motion to Dismiss the Amended Complaint have previously been briefed, save for the matter of the *Draper-* and *Zhen Shou Wu*-based as-applied and facial analysis under the Fourteenth Amendment, and that the Plaintiff need not tread over previously plowed ground, then the Order is not objectionable.

8.     But if, as it actually appears, the Second May 8 Order effectively declares that the Defendant's  Fed. R. Civ. P. 12(b)(6) *Saucedo-* and *Bronstein*-based facial analysis under the First Amendment *remains*, as before, provisionally forfeited, subject to renewal at some *still other* "procedural posture," February 14 Order at 11, then it amounts to a "manifest error of … law," *see* L.R. 7.2(d), as it disregards the legal effect of the *Amended* Complaint, discussed *supra* ¶ 4. Further, the Second May 8 Order would be internally inconsistent as the foregoing *Saucedo-Bronstein* argument was *not* actually "assessed in [the Court's] prior orders."

9.     Finally, to substantively address the *Saucedo-Bronstein* argument now, rather than following the entry of an answer and, thereafter, a Fed. R. Civ. P. 12(c) motion for judgment on

the pleadings,[1] will promote the interests of judicial economy and efficiency and avoid needless process.  Indeed, "'[t]he standard of review for evaluating a Rule 12(c) motion for judgment on the pleadings is essentially the same as the standard for evaluating a Rule 12(b)(6) motion.'" *Nedder v. Rivier College*, 944 F. Supp. 111, 120 (D.N.H. 1996), *quoting Metromedia Steakhouses Co. v. Resco Management, Inc.*, 168 B.R. 483, 485 (D.N.H. 1994) (citation omitted).

WHEREFORE, the Defendant respectfully requests that this Honorable Court:

A.     Reconsider the Second May 8 Order and declare that the arguments raised in the Defendant's Motion to Dismiss [Doc. # 33] the Amended Complaint [Doc. # 31], including but not limited to the *Saucedo-Bronstein* argument, are due for consideration on their merits and, as such, may be briefed by the Plaintiff; and

B.     Grant such other and further relief as justice may require.

Respectfully submitted,

GORDON J. MACDONALD, in his
official capacity only as Attorney General
of the State of New Hampshire

By his attorney,

GORDON J. MacDONALD
ATTORNEY GENERAL

Date:  May 18, 2020                    By:   /s/  Lawrence M. Edelman
                                            Lawrence M. Edelman, Bar # 738
                                            Assistant Attorney General
                                            Civil Bureau
                                            New Hampshire Dept. of Justice
                                            33 Capitol Street
                                            Concord, NH 03301
                                            (603) 271-3650
                                            lawrence.edelman@doj.nh.gov

---

[1] Fed. R. Civ. P. 12(c) provides:  "After the pleadings are closed – but early enough not to delay trial – a party  may move for judgment on the pleadings."

**<u>Certificate of Service</u>**

I hereby certify that a copy of the foregoing Motion for Reconsideration was served this 18th day of May, 2020, on all counsel of record via the ECF System**.**

                                 <u>/s/  Lawrence M. Edelman</u>
                                   Lawrence M. Edelman