UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| ROBERT FRESE<br><br>     **Plaintiff,**<br><br>  v.<br><br>GORDON MACDONALD, in his official capacity only as Attorney General of the State of New Hampshire,<br><br>     **Defendant.** | Case No.: 1:18-cv-01180-JL |

## PLAINTIFF'S OBJECTION TO MOTION TO DISMISS AMENDED COMPLAINT

Plaintiff Robert Frese, by and through his counsel, hereby files this Objection to the Motion to Dismiss the Amended Complaint filed by Defendant Attorney General Gordon MacDonald (the "State").

## INTRODUCTION

New Hampshire's Criminal Defamation Law makes it a crime to write or say anything that a person "knows to be false and knows will tend to expose any other living person to public hatred, contempt or ridicule." N.H. Rev. Stat. Ann. § 644:11. In 2018, the Exeter Police Department (the "Department") attempted to prosecute Mr. Frese under the law after he published comments on Facebook stating that Exeter Police Chief William Shupe "covered up for [a] dirty cop." Dkt. No. 31-4 at EXE092. The charges were dropped after the case became controversial, and after the New Hampshire Department of Justice ("NHDOJ") shared a memorandum criticizing the prosecution as a violation of Mr. Frese's constitutional rights.

Mr. Frese fears that he will be subject to future prosecutions if he continues to criticize the Exeter Police Department and other government or law enforcement officials. He

1

accordingly brought this lawsuit challenging the Criminal Defamation Law as unconstitutionally vague under the Fourteenth Amendment's Due Process Clause and overbroad in violation of the First Amendment. He alleges that "RSA 644:11 is unconstitutionally vague, both on its face and as applied" because it "fails to provide the reasonable precision necessary to define criminal conduct," and because it is "susceptible to arbitrary, uneven, and selective enforcement." Dkt. No. 31 ¶¶ 36, 37, 39.

The State raised four arguments in support of its Motion to Dismiss the Amended Complaint. In its Endorsed Order of May 8, 2020, the Court directed Plaintiff "to specifically respond to the defendant's argument that First Circuit precedent precludes Mr. Frese from maintaining facial or as-applied void-for-vagueness claims under the Fourteenth Amendment."

## ARGUMENT

### 1) **Facial vagueness challenges have long been permitted under the Due Process Clause.**

The State's argument that facial vagueness challenges are prohibited under the Due Process Clause is flatly contradicted by precedent. The Supreme Court has repeatedly upheld facial vagueness challenges under the Fourteenth Amendment's Due Process Clause, especially when the challenged statute implicates other constitutional interests and is susceptible to arbitrary or discriminatory enforcement. For instance, in *Kolender v. Lawson*, 461 U.S. 352 (1983), the Court considered a "facial challenge to a criminal statute" that required loiterers to produce identification, finding it "unconstitutionally vague within the meaning of the Due Process clause of the Fourteenth Amendment[.]" *Id.* at 353. The Court further noted that its ruling was "based upon the potential for arbitrarily suppressing First Amendment liberties[.]" *Id.* at 358 (citation and quotation marks omitted); *see also Smith v. Goguen*, 415 U.S. 566 (1974) (holding that a statute prohibiting contemptuous treatment of the flag was unconstitutionally

vague). More recently, the Court has facially invalidated provisions of both the Armed Career Criminal Act and the Immigration and Naturalization Act on void-for-vagueness grounds. *See Sessions v. Dimaya*, 138 S. Ct. 1204 (2018); *Johnson v. United States*, 135 S. Ct. 2551 (2015).

The Supreme Court has recognized that a vague statute that "abut(s) upon sensitive areas of basic First Amendment freedoms . . . operates to inhibit the exercise of (those) freedoms." *Grayned v. City of Rockford*, 408 U.S. 104, 109 (1972) (citation and internal quotation marks omitted). "Vagueness may invalidate a criminal law for either of two independent reasons. First, it may fail to provide the kind of notice that will enable ordinary people to understand what conduct it prohibits; second, it may authorize and even encourage arbitrary and discriminatory enforcement." *City of Chicago v. Morales*, 527 U.S. 41, 56 (1999) (upholding a facial vagueness challenge to Chicago's Gang Congregation Ordinance under both theories); *see also Montenegro v. N.H. DMV*, 166 N.H. 215, 224 (2014) (holding that a regulation allowing the DMV to reject a vanity license plate if a "reasonable person would find the plate offensive to good taste" was unconstitutionally vague and therefore facially invalid because the regulation "authorize[d] or even encourage[d] arbitrary and discriminatory enforcement"). Here, Mr. Frese brings claims under both theories of vagueness, alleging that the Criminal Defamation Law fails to provide adequate notice about what speech is prohibited and is susceptible to arbitrary and discriminatory enforcement. Dkt. No. 31 at 9-10.[1]

---

[1] Although the State's second motion to dismiss distinguishes between vagueness claims under the Due Process Clause and vagueness Claims under the First Amendment, Dkt. No. 33-1 at 12–14, all void-for-vagueness claims arise under the Due Process Clause, even when they implicate First Amendment rights. *See, e.g.*, *Vill. of Hoffman Estates v. Flipside, Hoffman Estates*, 455 U.S. 489, 497–99 (1982); *Smith*, 415 U.S. at 572–73.

### 2) *Zhen Zhou Wu* and *Draper* did not impose a blanket prohibition against facial vagueness claims.

The State argues that the First Circuit's decisions in *Draper* and *Zhen Zhou Wu* prohibit facial vagueness challenges under the Due Process Clause. Dkt. No. 33-1 at 12–13. Far from it. Both cases simply applied the much narrower rule that a party cannot raise a facial vagueness challenge for lack of notice against a law that clearly prohibits their intended speech or conduct. That rule does not apply to Mr. Frese's facial vagueness claim.

In *Holder v. Humanitarian Law Project*, the Supreme Court stated that "[a] plaintiff who engages in some conduct that is clearly proscribed [by a challenged statute] cannot complain of the vagueness of the law as applied to the conduct of others." 561 U.S. 1, 18–19 (2010) (quoting *Hoffman Estates*, 455 U.S. at 495). The Court held that this rule also applies to vagueness challenges against restrictions on speech, stating that "a plaintiff whose speech is clearly proscribed cannot raise a successful vagueness claim under the Due Process Clause of the Fifth Amendment for lack of notice," though it acknowledged that "[s]uch a plaintiff may have a valid overbreadth claim under the First Amendment[.]" *Id.* at 20.

In *Zhen Zhou Wu* and *Draper*, the First Circuit did nothing more than apply the *Holder* rule. In both cases, the court of appeals addressed facial vagueness challenges alleging that technical terms in federal and state commercial regulations of weaponry failed to provide sufficient notice of what materials could be lawfully sold or exported. *Zhen Zhou Wu*, 711 F.3d at 11–12; *Draper*, 827 F.3d at 3. And, in both cases, the court held that the plaintiffs' facial vagueness challenges failed because the challengers had adequate notice that their conduct was proscribed. *Zhen Zhou Wu*, 711 F.3d at 16 (holding that there was ample "evidence that the defendants knew they were violating U.S. export regulations"); *Draper*, 827 F.3d at 4 (holding

that the challenged regulatory definition "provides anyone of ordinary intelligence fair notice . . . [about] what is required").

The relevant passages from *Zhen Zhou Wu* and *Draper* make clear that the First Circuit was applying the *Holder* rule, rather than inventing a broader one. In *Zhen Zhou Wu*, the First Circuit quoted *Holder*, stating: "Outside the First Amendment context, we consider 'whether a statute is vague as applied to *the particular facts at issue*,' for a defendant 'who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others.'" 711 F.3d at 15 (quoting *Holder*, 561 U.S. at 18–19) (emphasis in original). *Draper*, in turn, cited the above passage from *Zhen Zhou Wu* in holding that that the plaintiff's vagueness challenge was "a constitutional claim eligible only for as-applied, not facial, review." 827 F.3d at 3 (citing *Zhen Zhou Wu*, 711 F.3d at 15).

Although *Draper*'s language is broad, the court of appeals had neither the occasion nor the authority to overrule Supreme Court precedent repeatedly upholding the validity of facial vagueness challenges, especially when First Amendment interests are implicated. *See Kolender*, 461 U.S. at 358; *Smith*, 415 U.S. at 572-73; *see also Dimaya*, 138 S. Ct. at 1223; *Johnson*, 135 S. Ct. at 2557. To the extent that some language in *Draper* could be read to suggest that facial vagueness challenges are categorically barred, such a suggestion was not essential to the Court's holding and should be treated as dicta. *See, e.g.*, *Dana's R.R. Supply v.* Att'y Gen., Fla., 807 F.3d 1235, 1241 n.3 (11th Cir. 2015) ("An offhand comment that lacks substantiating reasoning is exactly the sort of judicial statement we recognize as lacking any authoritative weight."); *Municipality of San Juan v. Rullan*, 318 F.3d 26, 28 n.3 (1st Cir. 2003) ("Dicta comprises

5

observations in a judicial opinion or order that are 'not essential' to the determination of the legal questions then before the court." (citation omitted)).[2]

### 3) **Mr. Frese has adequately alleged facial and as-applied vagueness claims.**

Correctly read in line with *Holder*, neither *Zhen Zhou Wu* nor *Draper* bars Mr. Frese's vagueness claims. First, Mr. Frese may bring a facial vagueness claim for lack of notice because the Criminal Defamation Law neither clearly proscribes his intended speech nor provides him with adequate notice about what speech is criminalized. The Amended Complaint alleges that the Criminal Defamation Law fails to provide adequate notice about what constitutes defamatory speech, and that Mr. Frese fears his speech about law enforcement officials could expose him to prosecution. Dkt. No. 31 ¶¶ 33, 37–39. As this Court held in its order denying the State's first motion to dismiss, the statute "may . . . not adequately delineate what speech must be known to have the tendency 'to expose any other living person to public hatred, contempt or ridicule.'" Dkt. No. 19 at 21. This alleged defect applies just as much to Mr. Frese as to anyone else. The State has not shown as a matter of law that the statute defines with sufficient clarity what Mr. Frese may say about the Exeter Police Department or other law enforcement officials.

Second, nothing in *Holder*, *Draper*, or *Zhen Zhou Wu* obstructs Mr. Frese from raising a facial vagueness challenge for standardless discretion. By its own terms, *Holder*'s rule is limited to facial vagueness challenges for lack of notice. *See Holder*, 561 U.S. at 20 ("[A] plaintiff whose speech is clearly proscribed cannot raise a successful vagueness claim under the Due

---

[2] Some courts have held that the *Holder* rule does not survive the Supreme Court's decision in *Dimaya*. *See Henry v. Spearman*, 899 F.3d 703, 708–09 (9th Cir. 2018). Notably, both *Draper* and *Zhen Zhou Wu* predate *Dimaya*, and therefore "may not reflect the current state of the law." *Id.* at 709; *see also, e.g.*, *United States v. Barbosa*, 896 F.3d 60, 74 (1st Cir.), *cert. denied*, 139 S. Ct. 579 (2018) (stating that law of the circuit does not apply "[w]hen the holding of a previous panel is contradicted by subsequent controlling authority, such as a decision by the Supreme Court"). The Court need not address the issue here, however, because even if the *Holder* rule survives, Mr. Frese satisfies its requirements.

Process Clause of the Fifth Amendment *for lack of notice*." (emphasis added)); *see also Act Now to Stop War & End Racism Coal. & Muslim Am. Soc'y Freedom Found. v. D.C.*, 846 F.3d 391, 410 (D.C. Cir. 2017) ("We are aware of no decision that has applied *Humanitarian Law Project* to bar a facial challenge like MASF's that a law is so vague as to subject the challenger itself to standardless enforcement discretion."). And neither *Draper* nor *Zhen Zhou Wu* purported to limit the circumstances under which plaintiffs may bring facial vagueness claims for standardless discretion. *See Zhen Zhou Wu*, 711 F.3d at 13 (stating that the defendants "emphasize only [notice] concerns"); *accord Draper*, 827 F.3d at 3. In any event, Mr. Frese's vagueness claim does not depend on the interests of third parties because his own "encounters with prosecutions under the [Criminal Defamation Law] highlight" the risks posed by the standardless discretion afforded to law enforcement under the statute. Dkt. No. 19 at 24.

Finally, the State argues that Mr. Frese has not adequately alleged an as-applied vagueness claim under either theory because he "does not allege that RSA 644:11 is unconstitutional *as applied to him*, but rather 'as applied in the context of New Hampshire's system for prosecuting Class B misdemeanors.'" Dkt. 33-1 (quoting Dkt. No. 31 ¶ 36). The State is correct that Mr. Frese's challenge is predominantly facial—he asserts that the Criminal Defamation Law cannot constitutionally be applied to him or anyone else. He amended his complaint to include an alternative as-applied vagueness claim, however, because the State argued in its first motion for reconsideration that the Court may not consider the particular characteristics of New Hampshire's misdemeanor criminal process in adjudicating Mr. Frese's facial vagueness challenge. Dkt. No. 21 at 3 ("For that matter, the statute's validity does not depend on whether it is enforced in New Hampshire or in Illinois, New York or Idaho. What is exclusively at issue is 'the terms of the statute'" (citation omitted)).

To be clear, Mr. Frese maintains that the Criminal Defamation Law is unconstitutionally vague on its face. Dkt. No. 25 at 6–7. Furthermore, he disputes the State's myopic view of what materials the Court may consider on a facial challenge. Dkt. No. 22 at 4–6. But, to address the State's concerns, he amended the Complaint to specifically allege that the Criminal Defamation Law is unconstitutional as applied in the context of New Hampshire's misdemeanor criminal process. This alternative claim is "facial" in the sense that it is not limited to Mr. Frese's particular case, but it is "as applied" in the sense that it does not seek to strike the Criminal Defamation Law outside the context of New Hampshire's particular misdemeanor process. As the Supreme Court held when addressing a similar hybrid claim, "[t]he label is not what matters." *John Doe No. 1 v. Reed*, 561 U.S. 186, 194 (2010). The key point is that Mr. Frese's request for relief reaches beyond his particular circumstances to encompass every application of the Criminal Defamation Law under New Hampshire's misdemeanor process. He must therefore satisfy the requirements for a facial challenge "to the extent of that reach," but not further. *Id.*

## CONCLUSION

For the foregoing reasons, the Court should deny the State's Motion to Dismiss the Amended Complaint.

Respectfully submitted,

ROBERT FRESE,

By and through his attorneys affiliated with the American Civil Liberties Union of New Hampshire Foundation and the American Civil Liberties Union Foundation,

*/s/ Gilles R. Bissonnette*
Gilles R. Bissonnette (N.H. Bar. No. 265393)
Henry R. Klementowicz (N.H. Bar No. 21177)
AMERICAN CIVIL LIBERTIES UNION OF NEW
   HAMPSHIRE FOUNDATION
Concord, NH 03301
Tel.: 603.224.5591
gilles@aclu-nh.org
henry@aclu-nh.org

Emerson Sykes*
Brian Hauss*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: 212.549.2500
esykes@aclu.org
bhauss@aclu.org

John M. Greabe (N.H. Bar No. 18706)
296 Gage Hill Road
Hopkinton, NH 03229
Tel.: 603.513.5191
jgreabe@yahoo.com

Lawrence A. Vogelman, Esq. (N.H. Bar No. 10280)
NIXON, VOGELMAN, SLAWSKY & SIMONEAU, P.A.
77 Central Street
Manchester, NH 03101
Tel.: 603.669.7070
lvogelman@davenixonlaw.com

* Admitted *pro hac vice*

Date: June 19, 2020